UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY LEE RHODES,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH RUIZ, et al.,<br><br>    Defendants. | Case No.: 1:21-cv-0942 JLT CDB (PC)<br><br>AMENDED ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. 12) |

Percy Lee Rhodes is a former pretrial detainee who seeks to hold several individuals liable for violations of his civil rights pursuant to 42 U.S.C. § 1983. The Court issued its First Screening Order. (Doc. 9.) Ultimately, the Court directed Plaintiff to do one of the following: (1) notify the Court in writing that he does not wish to file a first amended complaint and that he is willing to proceed only on his claims for deliberate indifference to serious medical need against Defendants Ruiz, Lightner and McComas, and the denial of access to courts against Defendant Cortez; or (2) file a first amended complaint curing the deficiencies identified in the screening order; or (3) file a notice of voluntary dismissal. (*Id*. at 22.) In response, Plaintiff filed notice that he did not wish to file an amended complaint and instead wished to proceed on the claims found cognizable. (Doc. 10.)

The assigned magistrate judge issued Findings and Recommendations, recommending: (1) defendants Blair, Curran, W. Freitas, A. Huron, M. Padilla, and B. Ward be dismissed; and (2) the action proceed on Plaintiff's claims for (i) deliberate indifference to serious medical needs claim stated

against Ruiz, Lightner and McComas and (ii) access to courts stated against Cortez. (*See* Doc. 12.) Plaintiff was granted 14 days within which to file any objections. (*Id*. at 2.) Plaintiff did not object.

The Court adopted the Findings and Recommendations in full. (Doc. 13.) The Court dismissed defendants Blair, Curran, W. Freitas, A. Huron, M. Padilla and B. Ward and ordered the action to proceed only on Plaintiff's deliberate indifference to serious medical needs claims against Ruiz, Lightner and McComas, and the access to courts claim against Defendant Cortez. (*Id*.) However, a review of the action revealed a scrivener's error in the Findings and Recommendations, which omitted claims previously found cognizable by the Court.

In the analysis of the First Screening Order, the magistrate judge also found that Plaintiff plausibly alleged claims for failure to protect and failure to train against Defendant Lightner. (*See* Doc. 9 at 10-12.) Despite finding Plaintiff plausibly alleged these claims, the magistrate judge omitted any reference to the failure to protect and failure to train claims in the "Conclusion and Order." (*See id.* at 21-22.) When the magistrate judge issued Findings and Recommendations to dismiss certain claims and defendants, the failure to protect and failure to train claims against Lightner were then erroneously encompassed as claims recommended for dismissal. As a result, those cognizable claims were dismissed in error.

Accordance to 28 U.S.C. § 636(b)(1)(C), this Court conducted a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Because it is clear the magistrate's omission of the plausibly alleged failure to protect and failure to train claims asserted against Defendant Lightner was an unintended oversight, those claims should not have been dismissed. The Court will correct this oversight and reinstate the failure to protect and failure to train claims against Lightner. Accordingly, the Court **ORDERS**:

1. The Findings and Recommendations issued on January 4, 2023 (Doc. 12) are **ADOPTED** in part.
2. Defendants Blair, Curran, Freitas, A. Huron, M. Padilla, and B. Ward are **DISMISSED**.
3. The action **SHALL** proceed on the following claims: (a) deliberate indifference to serious medical needs claims against Defendants Ruiz, Lightner and McComas; (b)

access to courts claim against Defendant Cortez; and (c) failure to protect and failure to train claims against Defendant Lightner.  <u>All other claims are dismissed</u>.

4. Defendants are granted an extension of time to file a responsive pleading addressing the cognizable claims identified above.  Defendants **SHALL** file the responsive pleading within 30-days from the date of service of this order.

5. The matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **June 19, 2023**



UNITED STATES DISTRICT JUDGE