UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY LEE RHODES,<br><br>        Plaintiff,<br><br>    v.<br><br>JOSEPH RUIZ, et al.,<br><br>        Defendants. | Case No. 1:21-cv-00942-JLT-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO CORRECT SCRIVINER'S ERROR AND TO REINSTATE CERTAIN CLAIMS AGAINST DEFENDANT McCOMAS**<br><br>**14-DAY OBJECTION PERIOD** |

Plaintiff Percy Lee Rhodes is a former pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.     RELEVANT BACKGROUND**

On December 6, 2022, the Court screened Plaintiff's complaint addressing the five claims asserted against various defendants. (Doc. 9.) Ultimately, the Court directed Plaintiff to do one of the following: (1) notify the Court in writing that he does not wish to file a first amended complaint and that he is willing to proceed only on his claims for deliberate indifference to serious medical need against Defendants Ruiz, Lightner and McComas, and the denial of access to courts against Defendant Cortez; or (2) file a first amended complaint curing the deficiencies identified in the screening order; or (3) file a notice of voluntary dismissal. (*Id.* at 22.) In response, Plaintiff filed notice that he did not wish to file an amended complaint and instead wished to proceed on the claims found cognizable. (Doc. 10.)

Thereafter, on January 4, 2023, the Court issued Findings and Recommendations to Dismiss Certain Claims and Defendants. (Doc. 12.) Those findings were adopted on January 27, 2023, by the district judge. (Doc. 13.) The Court then ordered service of the complaint.[1] (Doc. 14.)

On June 20, 2023, the Court issued an Amended Order Adopting Findings and Recommendations to Dismiss Certain Claims and Defendants. (Doc. 21.) In particular, the order corrected a scrivener's error concerning claims against Defendant Lightner. (*Id.* at 2.) The Findings and Recommendations were adopted in part, Defendants Blair, Curran, Freitas, Huron, Padilla and Ward were dismissed, and the action was ordered to proceed on the following claims: (1) deliberate indifference to serious medical needs claims against Defendants Ruiz, Lightner and McComas, (2) an access to courts claim against Defendant Cortez, and (3) failure to protect and failure to train claims against Defendant Lightner. (*Id*. at 2-3.)

It has since come to the Court's attention that another scrivener's error requires correction.

**II.   DISCUSSION**

In the First Screening Order, the undersigned also found Plaintiff had plausibly alleged failure to protect and failure to train claims against Defendant McComas. (*See* Doc. 9 at 20.) Unfortunately, those claims were mistakenly omitted in the "Conclusion and Order" section of the screening order. (*Id*. at 21-22.) Therefore, when the Court subsequently issued the Findings and Recommendations to Dismiss Certain Claims and Defendants, the failure to protect and failure to train claims against Defendant McComas were encompassed as claims recommended for dismissal. As a result, cognizable claims against Defendant McComas were dismissed in error. Therefore, the failure to protect and failure to train claims against Defendant McComas should be permitted to proceed in this action in accordance with the determination made in the Court's First Screening Order.

**III.   CONCLUSION AND ORDER**

Accordingly, and for the reasons set forth above, the Court **RECOMMENDS** that:

1. The failure to protect and failure to train claims asserted against Defendant McComas,

---

[1] Service has been effected; however, a responsive pleading has not yet been filed by the defendants.

pursuant to 42 U.S.C. § 1983, be permitted to proceed in this action; and

2. Defendants be granted a 30-day extension of time to file a responsive pleading addressing all cognizable claims identified herein in the event these findings are adopted by the assigned district judge.

For the sake of clarity, in the event these findings are adopted by the assigned district judge, this action would proceed on the following claims: (a) deliberate indifference to serious medical needs claims against Defendants Ruiz, Lightner, and McComas; (b) an access to courts claim against Defendant Cortez; (c) failure to protect and failure to train claims against Defendant Lightner; and (d) failure to protect and failure to train claims against Defendant McComas.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 26, 2023**                                     _____
                                                               UNITED STATES MAGISTRATE JUDGE