UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PERCY LEE RHODES,

          Plaintiff,

    v.

JOSEPH RUIZ, et al.,

          Defendants.

Case No. 1:21-cv-00942-CDB (PC)

**ORDER REGARDING PLAINTIFF'S FILING OF DECEMBER 6, 2023**

(Doc. 37)

Plaintiff Percy Lee Rhodes is a proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 6, 2023, Plaintiff filed an untitled document with the Court, docketed as a notice. (*See* Doc. 37.) Plaintiff states he is presently incarcerated in the Fresno County Jail,[1] "without funds" and is "unable to continue in re: [his] lawsuit, and or the courts orders" and wishes "to have all proceedings [stopped] until" he is released or reaches a "facility where [he] can be granted to proceed." (*Id.*)

//

---

[1] The Court notes the docket reflects Plaintiff's current address as 1410 E. Clinton Ave., Fresno, CA 93704. Yet Plaintiff has not filed a Notice of Change of Address as is his obligation. *See* Local Rule 182(f). (*See also* Doc. 3 at 5 [First Informational Order in Prisoner/Civil Detainee Civil Rights Case, VIII. Current Address Required; attached "Notice of Change of Address" form.) The Court further notes Plaintiff previously filed a Notice of Change of Address on July 22, 2021, changing his address from the Fresno County Jail to the address on Clinton Avenue. (*See* Doc. 6.)

**I.     DISCUSSION**

The Court is uncertain as to the nature of Plaintiff's request but finds any response by Defendants to be unnecessary.

If Plaintiff intended to seek voluntary dismissal of this action by way of his notice filed December 6, 2023, he may not do so. Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure permits a plaintiff to voluntarily dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Here, however, Defendants have answered Plaintiff's complaint and discovery has commenced. (*See* Docs. 24 [answer by Defendant Ruiz], 25 [answer by Defendants Cortez, Lightner and McComas] & 30 [Discovery and Scheduling Order].) Therefore, Plaintiff may not dismiss this action pursuant to Rule 41(a)(1)(A)(i).

Plaintiff is advised that if he seeks to voluntarily dismiss this action, he has the option of contacting counsel for the Defendants about a stipulation of dismissal. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (a court may dismiss an action by way of "a stipulation of dismissal signed by all parties who have appeared").

To the extent Plaintiff seeks a stay of these proceedings, he must file a proper motion. As Plaintiff was advised in the First Informational Order issued June 17, 2021, a "document requesting a court order must be styled as a motion. Letters to the Court or a judge may be stricken/returned. Fed. R. Civ. P. 7." (Doc. 3 at 2.) Plaintiff is advised the district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co*., 299 U.S. 248, 254 (1936)). The party seeking the stay bears the burden of establishing the need to stay the action. *Id*. at 708. "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). In evaluating whether to stay an action, a district court must the weigh competing interests that will be affected by the grant or refusal to grant a stay, including: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party

may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55)). Assuming Plaintiff intended to seek a stay of these proceedings in light of his reincarceration in the Fresno County Jail, he should file a motion to stay these proceedings, addressing his burden and the interests to be considered by the Court.

Should Plaintiff elect not to file a motion to stay these proceedings or elect not to contact counsel for Defendants concerning a joint stipulation of voluntary dismissal, this action will proceed through the discovery phase and Plaintiff will remain obligated to prosecute his case. If Plaintiff fails to comply with his discovery obligations or fails to comply with any future orders of the Court, this action may be subject to dismissal with prejudice. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (same); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## II.    CONCLUSION AND ORDER

For the reasons given above, **IT IS HEREBY ORDERED** that:

1. Plaintiff **SHALL** file any motion to stay these proceedings, in accordance with the legal standards provided above, **within 21 days** of the date of service of this order, if he so chooses;

2. Should Plaintiff elect *not* to file a motion to stay these proceedings, he may wish to contact defense counsel concerning the possibility of obtaining a joint stipulation of dismissal;

3. In the absence of a motion to stay filed by Plaintiff, or a joint stipulation to voluntary dismissal filed by all parties to the action, Plaintiff remains obligated to participate in discovery in accordance with the Discovery and Scheduling Order issued October 3, 2023 (Doc. 30), the Federal Rules of Civil Procedure, and this Court's Local Rules; and

4.  As a **one-time courtesy**, the Court DIRECTS the Clerk of the Court to modify the docket to reflect Plaintiff's current address at the Fresno County Jail, as a result of his reincarceration and as indicated in Plaintiff's notice filed December 6, 2023.

IT IS SO ORDERED.

Dated:   **December 8, 2023**

UNITED STATES MAGISTRATE JUDGE