UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY LEE RHODES,<br><br>          Plaintiff,<br><br>     v.<br><br>JOSEPH RUIZ, et al.,<br><br>          Defendants. | Case No. 1:21-cv-00942-CDB (PC)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE** (Doc. 42)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STAY PROCEEDINGS FOR 90 DAYS** (Doc. 39) |

Plaintiff Percy Lee Rhodes is a proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.     INTRODUCTION**

On December 15, 2023, Plaintiff filed a document titled "Order and Motion to Move the Court for a Stay of 90 Days and Change of Address." (*See* Doc. 39.)

On January 8, 2024, the Court issued its Order to Show Cause ("OSC") Why Sanctions Should Not Be Imposed for Defendants' Failure to File an Opposition or Statement of Non-Opposition (Doc. 42) to Plaintiff's pending motion. That same date, Defendants filed a Statement of Non-Opposition. (Doc. 43.)

**II.    DISCUSSION**

Plaintiff seeks a 90-day stay of this action, stating that on November 21, 2023, he "made a 911 call in fear for his safety while suffering from symptoms of post traumatic stress disorder

causing a medical hospital stay, treatment and mental health services." (Doc. 39 at 2.) Those events also effect his present confinement.[1] (*Id.*) Plaintiff essentially requests this action be stayed in light of his present health and well-being. (*Id.*)

Defendants do not oppose a 90-day stay of these proceedings. (Doc. 42.) Defendants state discovery has not yet been completed and no trial date has been set. (*Id.* at 2.) They state they "do not anticipate that a 90-day stay of the proceedings will prejudice either party and for that reason do not oppose Plaintiff's motion." (*Id.*) Defendants ask the Court to extend the deadlines imposed in the Court's Discovery and Scheduling Order by approximately 90 days from the date of any stay. (*Id.*)

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007).

Here, the Court finds good cause in Plaintiff's representations in support of the requested stay and Defendants' non-opposition and will grant Plaintiff's request for a 90-day stay of these proceedings. *Clinton*, 520 U.S. at 706; *Dependable Highway Exp., Inc.*, 498 F.3d at 1066-67. Further, the Court will modify the relevant deadlines originally imposed in its Discovery and Scheduling Order issued October 3, 2023.

### III.   CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. The OSC issued January 8, 2024 (Doc. 42) is **DISCHARGED**; and

2. Plaintiff's motion filed December 15, 2023 (Doc. 39) is **GRANTED**;

3. This action is **STAYED** for **90 days** from the date of service of this order; and

4. The Discovery and Scheduling Order is **MODIFIED** as follows:

---

[1] Prior to his current incarceration at the Fresno County Jail, Plaintiff's address of record was a residential street address on East Clinton Avenue in Fresno, California.

a. The exhaustion motion filing deadline is extended from February 3, 2024 to **May 3, 2024**;

b. The discovery deadline is extended from June 3, 2024 to **September 1, 2024**;

and

c. The dispositive motion deadline is extended from August 12, 2024 to **November 10, 2024**.

IT IS SO ORDERED.

Dated:   **January 9, 2024**

UNITED STATES MAGISTRATE JUDGE