UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY LEE RHODES,<br><br>        Plaintiff,<br><br>v.<br><br>JOSEPH RUIZ, et al.,<br><br>        Defendants. | Case No. 1:21-cv-00942-CDB (PC)<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO FILE AN OPPOSITION OR STATEMENT OF NON-OPPOSITION**<br><br>**14-DAY DEADLINE** |

Plaintiff Percy Lee Rhodes is a former county jail inmate proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action[1] proceeds on Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claims against Defendants Ruiz, Lightner, and McComas, First Amendment access to courts claim against Defendant Cortez, and Eighth Amendment failure to protect and failure to train claims against Defendants Lightner and McComas.

**I.     INTRODUCTION**

On December 23, 2024, Defendant Cortez filed a motion for summary judgment,[2] or

---

[1] This action was reassigned to the undersigned for "all further purposes and proceedings, including trial and entry of judgment," on October 26, 2023. (*See* Doc. 36.)

[2] On August 5, 2024, the deadline for filing a dispositive motion was extended to December 25, 2024. (*See* Doc. 48.)

alternatively, summary adjudication. (*See* Doc. 51.) The motion included a *Rand*[3] warning. (Doc. 51-3.) The following day, Defendant McComas filed a motion for summary judgment. (*See* Doc. 52.) It too included a *Rand* warning. (Doc. 52-4.)

Despite the passage of more than twenty-one days, Plaintiff has failed to file an opposition or statement of non-opposition to either summary judgment motion.

## II.  DISCUSSION

Rule 56 of the Federal Rules of Civil Procedure concerns summary judgment. It provides, in relevant part:

> **Failure to Properly Support of Address a Fact**. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
>
> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e). This Court's Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that a "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See* Local Rule 110. Further, Local Rule 230 states:

> Opposition, if any, to the granting of a motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.

Local Rule 230(*l*). Therefore, Plaintiff's opposition or statement of non-opposition to the pending

---

[3] *Rand v. Rowland*, 154 F.3d 952, 958 (9th Cir. 1998).

motions for summary judgment were due on or before January 13, 2025, and January 14, 2025, respectively. Notably too, Plaintiff is no longer detained in the Fresno County Jail. The docket for this action reflects Plaintiff's address as of August 14, 2024, is a residence on Clinton Avenue in Fresno, California. (Doc. 49.) As a result, the mailbox rule does not apply.[4] In sum, Plaintiff has failed to timely file an opposition or statement of non-opposition to both motions, and the time to do so has now passed.

### III.     CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 14 days** of the date of service of this order, why sanctions should not be imposed for his failure to comply with the Local Rules. Alternatively, within that same time, Plaintiff may file an opposition or statement of non-opposition to the pending motions for summary judgment filed on December 23, 2024, and December 24, 2024, respectively.

**Any failure by Plaintiff to respond to this Order may result in the dismissal of this action for a failure to obey court orders and a failure to prosecute.**

IT IS SO ORDERED.

Dated:   **January 16, 2025**                               _____
                                                                         UNITED STATES MAGISTRATE JUDGE

---

[4] *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (pro se prisoner pleading deemed filed when delivered to prison authorities); *Douglas v. Noelle*, 567 F.3d 1103, 1108-09 (9th Cir. 2009) (applying mailbox rule to civil rights actions). *But see Emasealu v. Gomez*, No. 1:22-cv-01326-HBK (PC), 2023 WL 5614937, at *1, n.2 (E.D. Cal. Aug. 30, 2023) ("Because Plaintiff is no longer incarcerated, he is not entitled to the mailbox rule"); *Russo v. Arigalva*, No. 1:23-cv-00703-HBK (PC), 2023 WL 5934802, at *1, n.2 (E.D. Cal. Sept. 12, 2023) (same); *Estrada v. North Kern State Prison*, No. 1:18-cv-00667-DAD-SAB (PC), 2020 WL 590114, at *2 (E.D. Cal. Feb. 6, 2020) ("the Court reminds Plaintiff that, now that he has been released from custody, the prison mailbox rule no longer applies to his filings. … In the future, Plaintiff should ensure that any motions for extension of time, or other responses to Court deadlines, are mailed to the Court so they will be received by the applicable deadline").